1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

SELTZER CAPLAN MCMAHON VITEK, a
Law Corporation,

                                  Plaintiff,

         vs.

DAMON ABNOS, an individual,

                                  Defendant.

CASE NO. 08cv0201 DMS (WMc)

**ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND**

This matter comes before the Court on Plaintiff's motion to remand the matter to state court. The motion is granted.

## I.

## BACKGROUND

In November, 2003, Defendant Damon Abnos (Abnos) hired Plaintiff Seltzer Caplan McMahon Vitek (SCMV), a law firm, to represent him in his divorce proceedings against his wife. In October, 2004, he terminated his engagement SCMV and on April 10, 2006, filed a malpractice lawsuit against SCMV in state court. On November 16, 2006, the parties stipulated to, and the court ordered, binding arbitration. At that time, the state court also stayed the action at law pending the conclusion of arbitration. On June 7, 2007, Abnos filed a "request for dismissal" in which both parties agreed to dismiss the complaint. (Maiorano Decl. Ex. 2). In arbitration, SCMV was awarded more than

$100,000 (Mot. at 7). On January 8, 2008, SCMV filed a Petition to Confirm the Abritration Award in state court under the same docket number as the original case. (GIC 864098). On January 10, 2008, Abnos filed a Petition to Vacate the Arbitration Award in federal court (Case No. 08 CV 0058-DMS-WMc). On February 1, 2008, Abnos removed SCMV's January 8, 2008 petition to federal court. SCMV now moves to remand.

**II.**

**LEGAL STANDARD**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441 (emphasis added). A federal court "strictly construe[s] the removal statute against removal jurisdiction. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

**III.**

**DISCUSSION**

SCMV argues Abnos may not remove this action because he is not a defendant in the state court action. Indeed, the record indicates he is the Plaintiff in the action, as he brought the original lawsuit in California state court and SCMV filed its petition to confirm the arbitration award in the same action under the same case number. However, Abnos argues his voluntary dismissal of the complaint divested the state court of jurisdiction over the entire matter, including Defendant's petition to confirm the arbitration award. (Opp. at 6). Accordingly, he argues SCMV's petition should be treated as a separate proceeding in which Abnos is a defendant. As the parties are diverse and the amount in controversy is met, Abnos argues he may therefore remove the petition. The Court disagrees.

California Code of Civil Procedure § 1285 permits "[a]ny party to an arbitration in which an award has been made" to "petition the court to confirm, correct, or vacate the award." "[T]he court in

08CV0201

which [a petition filed under this title] was filed retains jurisdiction to determine any subsequent petition involving the same agreement to arbitrate and the same controversy, and any such subsequent petition shall be filed in the same proceeding." Cal. Civ. Proc. Code § 1292.6. After Abnos filed his civil complaint, SCMV filed a petition to compel arbitration. Upon completion of the arbitration, SCMV filed the instant petition to confirm the arbitration award in the same action as required by California Code of Civil Procedure § 1292.6. In that action, Abnos remained the plaintiff, and SCMV remained the defendant.

However, Abnos cites *Brock v. Kaiser Found. Hosps.*, 10 Cal. App. 4th 1790, 1797 (1992), for the proposition that when he voluntarily dismissed his complaint, the state court was divested of jurisdiction over the entire matter, and any subsequent petition to confirm arbitration must be treated as a separate proceeding in which Abnos is a defendant. Abnos' reliance on *Brock* is misplaced. *Brock* instead emphasizes that arbitration proceedings and actions at law initiated by a complaint are "two separate proceedings over which the trial court had separate fonts of jurisdiction." *Id.* at 1796. Once a court grants the petition to compel arbitration, it retains some jurisdiction over each proceeding: (1) "vestigial jurisdiction over the action at law" which "consists solely of making the determination, upon conclusion of the arbitration proceedings, of whether there was an award on the merits (in which case the action at law should be dismissed because of the res judicata effects of the arbitration award) or not;" and (2) "separate, limited jurisdiction over the contractual arbitration...to determine any subsequent petition involving the same agreement to arbitrate and the same controversy." *Id.* Indeed, once the matter was sent to arbitration, "[b]arring a subsequent stipulation not to arbitrate, the judicial system's future involvement was limited merely to confirming, correcting, or vacating any arbitration award." *Byerly v. Sale*, 204 Cal. App. 3d 1312, 1315 (1988). The *Brock* court emphasized "*any such subsequent petition* shall be filed in the same proceeding." *Brock,* 10 Cal. App. 4th at 1796. (emphasis in original, citing Cal. Civ. Proc. Code § 1292.6). Therefore, while dismissing the complaint might have affected the state court's jurisdiction to determine whether adjudication resulted in an award on the merits for purposes of dismissing the action at law, it did not affect the state court's jurisdiction to adjudicate subsequent petitions involving the agreement to arbitrate.

As it is clear dismissing a complaint does not divest a state court of jurisdiction over

subsequent petitions related to arbitration, Abnos' original action was the proper forum for SCMV to file its petition to confirm the arbitration award. Abnos was the Plaintiff in that action. Since the plain language of 28 U.S.C. § 1441 permits only defendants to remove cases to federal court, Abnos has failed to meet his burden of demonstrating removal is proper. The action is therefore remanded.

### IV.

### CONCLUSION

For the foregoing reasons, SCMV's motion is granted, and the action is remanded to state court for resolution.

**IT IS SO ORDERED.**

DATED:  April 21, 2008

_____
HON. DANA M. SABRAW
United States District Judge